# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHRISTOPHER G. SUMMERS,

    Petitioner,

-vs-                                                    Case No. 8:13-CV-817-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Petitioner, a federal prisoner, filed a Petition for Writ of Habeas Corpus (hereinafter "petition") on March 25, 2013 (Dkt. 1),[1] challenging the amount of pre-sentence jail credit he received following state convictions for burglary, felon in possession of a firearm, uttering a forged instrument, grand theft, and two counts of auto theft entered in 1999 by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. On April 29, 2013, Petitioner filed an amended petition (Dkt. 7). On June 11, 2013, Respondent filed a limited response to the petition in which Respondent argued that the petition is untimely and must be dismissed as time-barred (Dkt. 11).[2] Respondent also filed exhibits in support of the

---

[1] Although the Court received Petitioner's petition on March 28, 2013, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn,* 993 F.2d 776, 780 (11th Cir. 1993). It appears that Petitioner placed his petition in the prison mailing system on March 25, 2013 (Dkt. 1-1 at pp. 1-2).

[2] Petitioner has not filed a reply to the Respondent's response, even though the Court granted Petitioner the opportunity to do so (See Dkt. 9 at p. 4). Petitioner was also advised that if Respondent incorporated a motion to dismiss the petition in the response, that the granting of the motion would result in dismissal of this case (Id. at p. 3).

motion to dismiss (Dkt. 13). After carefully examining Respondent's limited response/motion to dismiss, the record, and the applicable law, the Court concludes that the petition is time-barred under the provisions of 28 U.S.C. § 2244(d).

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitation period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final on November 25, 1999, when the time for filing a direct appeal had passed (see Resp. Ex. 2). *See McGee v. State*, 684 So. 2d 241 (Fla. 2d DCA 1996) (treating judgment and sentence upon entry of plea as final when time for appeal expired); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that when a defendant does not appeal his conviction or sentence, the judgment and sentence become final when the 30-day time period for filing an appeal expires). Thus, his AEDPA limitation period commenced on November 26, 1999. Therefore, unless the limitation period was tolled by

---

Finally, Petitioner was cautioned that if he failed to file a response to a motion to dismiss within 30 days after it was filed, the motion would be taken under advisement and an Order entered thereon without further notice (Id. at p. 4).

a motion for collateral review, Petitioner had until November 26, 2000, to file his federal petition.

Three thousand one hundred-eighteen (3118) days elapsed before Petitioner filed his "Motion to Mitigate Sentence(s), Motion for Time Spent in Official Detention Prior to Sentencing et seq." on June 9, 2008 (Resp. Ex. 3). The June 9, 2008 motion, however, was filed well after the expiration of the federal limitation deadline on November 26, 2000. As a consequence, the motion, and the subsequently filed motions (see Resp. Exs. 5, 7), did not toll the federal limitation period. *See Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."), *cert. denied*, 534 U.S. 1144 (2002). Accordingly, Petitioner's federal habeas petition is untimely.

Moreover, Petitioner does not satisfy the criteria to proceed under § 2244(d)(1)(D).[3] The factual predicate for the claim Petitioner presents was known to him at the time his judgment of conviction was entered in 1999 (see Resp. Ex. 2).

And, Petitioner has not demonstrated that he is entitled to equitable tolling of the limitation period. Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam)). In the instant case,

---

[3]Pursuant to § 2244(d)(1)(D), the one-year statute of limitations can run from "the date on which the factual predicate of the claim . . . presented could have been discovered through the exercise of due diligence."

Petitioner neither alleges nor shows entitlement to equitable tolling of the federal limitation period. Consequently, the petition must be dismissed as time-barred.

Finally, even if the petition were not time-barred, it would fail on the merits. Federal habeas relief is available to correct only constitutional injury. *Wainwright v. Goode*, 464 U.S. 78 (1983); *Krasnow v. Navarro*, 909 F.2d 451, 452 (11th Cir.1990) ("A writ of habeas corpus is available in federal court only in cases of constitutional error."). The petition does not allege the violation of a federal constitutional right. Rather, Petitioner contends that the award of 131 days jail credit violates state law (see Resp. Ex. 7). Therefore, the petition presents no basis for federal habeas corpus relief because it does not present a federal constitutional question or allege the violation of a federal constitutional right. 28 U.S.C. § 2254(a). *See also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to re-examine state court determinations on state-law questions.").

ACCORDINGLY, it is **ORDERED** that:

1. The petition for writ of habeas corpus is **DISMISSED** as time-barred (Dkt. 1).

2. The **Clerk** shall terminate all pending motions and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if

4

the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is clearly time-barred, Petitioner cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on September 30, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner *pro se*
Counsel of Record

5